NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHANDLER JAMES DUPRE, | No. 17-56805 |
| Plaintiff-Appellant, | No. CV 16-07239 |
| v. | MEMORANDUM* |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alexander F. MacKinnon, Magistrate Judge, Presiding

Submitted March 26, 2019**

Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Chandler James Dupre appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

F.3d 872, 875 (9th Cir. 2016), and we affirm.

Because examining psychiatrist Dr. Herron's opinion was contradicted by Dr. Rowley's opinion, the ALJ was required to provide specific and legitimate reasons to give less weight to Dr. Herron's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ was not required to cite Dr. Rowley's opinion as grounds for giving less weight to Dr. Rowley's opinion in order for this standard to apply. When explaining this standard, we have stated that "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence," *id.* (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)), a burden the ALJ can meet "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When determining the applicable standard of review, we have not also required or examined whether the ALJ relied upon the conflicting medical opinion. *See, e.g., Revels v. Berryhill*, 874 F.3d 648, 662-63 (9th Cir. 2017).

The ALJ permissibly relied upon the inconsistencies between Dr. Herron's opinion and her own findings. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ specifically stated Dr. Herron's opinion conflicted with the

"fairly normal mental status examination." While the ALJ may have explained her decision "with less than ideal clarity," the ALJ's "path may be reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004)). For instance, although Dr. Herron concluded Dupre was "[m]arkedly limited in his ability to complete a normal workday or work week without interruptions resulting from any psychiatric conditions," she found he exhibited no limitations in several areas, such as his ability to maintain attendance and interact with coworkers, supervisors, and the public, and was only moderately limited in other areas, such as maintaining concentration. Thus, the record sustains the ALJ's reasoning that Dr. Herron's own findings do not support her opinion that Dupre is "markedly limited" in his ability complete a workday or workweek without interruptions from his symptoms.

The ALJ also did not err by citing Dr. Herron's statement that she expected Dupre would improve within twelve months with active treatment. Because eligibility for disability benefits requires the claimant to show his impairments have "lasted or can be expected to last for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(a), the ALJ reasonably took into account the portion of Dr. Herron's opinion indicating she did not believe Dupre would remain at the same level of impairment during the twelve months following the exam

3

when evaluating her opinion. The ALJ did not state she employed Dr. Herron's opinion to discount evidence of Dupre's mental limitations prior to this exam, so Dupre's argument that the "expectation of improvement does not provide a basis for rejecting the longitudinal showing of significantly depressed functioning" is not on point. Dupre bore the burden of showing he was disabled during that time. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ's error in relying upon the lack of treatment relationship between Dupre and Dr. Herron was harmless. Although ALJs must consider the treatment relationship between the claimant and the opining medical professional and generally assign more weight to the opinions of treating sources than non-treating sources, *see Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R. § 404.1527(c)(2), the fact that Dr. Herron did not treat Dupre does not provide valid grounds for discounting her opinion. Nevertheless, because the ALJ cited other specific and legitimate reasons supported by substantial evidence for affording Dr. Herron's opinion less weight, this error was "inconsequential to the ultimate nondisability determination" and therefore harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

**AFFIRMED.**

4